SUPERIOR COURT 
 
 CALVIN CHANG v. TRIPADVISOR, LLC and another[1]

 
 Docket:
 2021-00347
 
 
 Dates:
 November 19, 2021
 
 
 Present:
 Paul D. Wilson Justice of the Superior Court
 
 
 County:
 NORFOLK, ss.
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS’ MOTION TO DISMISS
 
 

             On July 12, 2020, Plaintiff Calvin Chang, a California resident, was looking for transportation services for an upcoming trip he had planned to San Jose Del Cabo in Mexico when he came across an advertisement on Defendant TripAdvisor, LLC’s website for a shuttle service from the Los Cabos Airport to his hotel. Relying in part on the advertisement’s representations regarding safety measures taken to prevent the spread of COVID-19, Mr. Chang booked a one-way ticket for July 15, 2020 on the shuttle service.
            Mr. Chang’s Complaint for Damages and Injunctive Relief (“Complaint”) alleges that the shuttle did not comply with the safety measures detailed in the advertisement, exposing Mr. Chang to unsafe conditions.  He brings three counts under California law against TripAdvisor and Defendant Viator, Inc., a company that advertises its services in cooperation with TripAdvisor.[2] Defendants have moved to dismiss all claims against them, contending (1) that the claims are barred by the Communications Decency Act of 1996, 47 U.S.C. § 230 (the “CDA”);
 
-------------------------------------
 
            [1] Viator, Inc.
 
[2] Defendants do not separately distinguish themselves in their motion. Therefore, for the purposes of this motion, I will treat TripAdvisor, LLC and Viator, Inc. as though they are in the same position with respect to their alleged liability to Mr. Chang.
 
                                                            -1-
 
(2) that the Complaint fails to state a claim for which relief can be granted; and (3) that Mr. Chang previously waived Counts I and III.[3] I heard oral argument on September 8, 2021. I will now allow the motion.
            1. The Communications Decency Act of 1996
            Section 230 of the CDA states that “[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider,” 47 U.S.C. § 230(c)(1), and that “[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section.” 47 U.S.C. § 230(e)(3). Generally, immunity under the CDA is considered to be an affirmative defense. See Aldana v. Worcester Digital Mktg., LLC, 2020 WL 5993103 at *7 (Mass. Super. 2020) (Krupp, J.); Klayman v. Zuckerberg, 753 F.3d 1354, 1357 (D.C. Cir. 2014). It may support a motion to dismiss only if the CDA’s “barrier to suit is evident from the face of the . . . complaint.” Force v. Facebook, Inc., 934 F.3d 53, 63 n.15 (2d Cir. 2019) (citation\ omitted); see also National Ass’n of the Deaf v. Harvard Univ., 377 F. Supp. 3d 49, 68 (D. Mass. 2019) (observing that “[a] plaintiff is not required to anticipate and plead around affirmative defenses raised by a defendant”) (citation omitted). Therefore, Defendants here will only be entitled to immunity under the CDA at this stage of the litigation if it is apparent from Mr. Chang’s complaint that: (1) Defendants are “provider[s] or user[s] of an interactive computer service”; (2) the claims against them are “based on ‘information provided by another information content provider’”; and (3) the claims would treat Defendants “‘as the publisher[s] or speaker[s]’ of that information.” See Universal Commc’n Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 418 (1st Cir. 2007), quoting 47 U.S.C. § 230(c)(1).
 
-------------------------------------
 
[3] Because I conclude that Mr. Chang has failed to state a claim upon which relief can be granted, I do not reach this third argument.
 
                                                            -2-
 
            Assuming that Defendants satisfy the first requirement of the analysis that they are providers or users of an interactive computer service, they would only qualify for immunity under the CDA if the Complaint suggests that they did “not also function as an ‘information content provider’ for the portion of the statement or publication at issue.” Carafano v. Metrosplash.com, Inc., 339 F.3d 1119, 1123 (9th Cir. 2003). The CDA defines “information content provider” broadly to include “any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive service.” 47 U.S.C. § 230(f)(3). “[T]here may be several information content providers with respect to a single item of information (each being ‘responsible,’ at least ‘in part,’ for its ‘creation or development’”). Federal Trade Commission v. Accusearch Inc., 570 F.3d 1187, 1197 (10th Cir. 2009), quoting 47 U.S.C. § 230(f)(3).
            Defendants contend that Mr. Chang’s claims against them arise from content provided by Gray Line, the shuttle bus operator, which was merely “displayed on Defendants’ websites[.]” Defendants’ Memorandum at 7-8. Thus, Defendants argue, Mr. Chang seeks to hold Defendants liable “as publishers of Gray Line’s representations regarding the Shuttle Service.” Id.
            At the motion to dismiss stage, however, Mr. Chang is entitled to have the allegations in the Complaint read more expansively. The Complaint here alleges that Defendants “publish[] and advertise[] [their] services in cooperation” with others on their website. Complaint, ¶ 7. Mr. Chang “found on the TripAdvisor website [an advertisement for], ‘Los Cabos Airport Shuttle Service One-Way’” which represented that the shuttle service would take several measures to keep patrons safe during the COVID-19 pandemic including requiring face masks, sanitizing surfaces, and administering temperature checks for staff and travelers. Id. at ¶ 11.  “In reliance on the representations [regarding safety measures] made by Defendants on the website[,]” Mr.
 
                                                            -3-
 
Chang purchased a one-way ticket on the shuttle service run by Gray Line Los Cabos. Id. at ¶ 12 (emphasis added). Thereafter, he received an email from TripAdvisor containing a section titled “Keeping you safe during COVID-19” which reiterated those same safety measures in the advertisement.
            While Mr. Chang does not allege the extent of Defendants’ contributions to the description of the safety measures in the advertisement, it is certainly plausible that the text describing such safety measures was created at least in part by Defendants. Moreover, Mr. Chang is “not required to anticipate and plead around affirmative defenses raised by [Defendants].” National Ass’n of the Deaf, 377 F. Supp. 3d at 68. The allegations in the Complaint are sufficient to suggest that Defendants were, at least in part, responsible for creating the content regarding the safety measures in the advertisement. Accordingly, I will not dismiss
the Complaint based on Defendants’ CDA immunity.
            2. Failure to State a Claim
            Defendants also move to dismiss the Complaint for failing to state a claim upon which relief can be granted. “While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations . . . a plaintiff’s obligation to provide the ‘grounds’ of his
‘entitle[ment] to relief’ requires more than labels and conclusions.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Ultimately, these “[f]actual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact).” Iannacchino, 451 Mass. at 636, quoting Bell Atl. Corp., 550 U.S. at 555. The court, however, does not accept “legal conclusions [in the complaint] cast in the form of factual allegations.” Schaer v. Brandeis University, 432 Mass. 474, 477 (2000). Therefore,
 
                                                            -4-
 
“[w]hat is required at the pleading stage are factual allegations plausibly suggesting (not merely consistent with) an entitlement to relief.” Iannacchino, 451 Mass. at 636, quoting Bell Atl.
Corp., 550 U.S. at 573.
            Defendants contend that none of the causes of action in the Complaint plead sufficient facts to establish their liability. Specifically, Defendants argue that Mr. Chang has not alleged facts suggesting either Defendant had the requisite knowledge or intent required under each claim. I agree with Defendants.
            Count I alleges that Defendants committed false advertising under the California Business & Professions Code § 17500 et seq. The statute proscribes making or disseminating to the public any statement concerning a product or service that “is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.” Cal. Bus. & Prof. Code § 17500. Thus, to maintain a claim of false or misleading advertising, Mr. Chang must allege: “(1) the statements in the advertising are untrue or misleading, and (2) [Defendants] knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading.” Miller v. Ghirardelli Chocolate Co., 912 F. Supp. 2d 861, 873 (N.D. Cal. 2012).
            Although the Complaint clearly alleges that Defendants disseminated an untrue statement regarding the shuttle bus’s COVID-19 safety measures, it is devoid of any allegations suggesting Defendants either intentionally or negligently disseminated the untrue advertisement.[4] The Complaint does not suggest that either Defendant operated the shuttle service itself or oversaw its operation. Rather, it alleges that both Defendants have a principal place of business in Needham, Massachusetts and the shuttle service, operated by Gray Line, is in Los Cabos,
 
-------------------------------------
 
[4] Mr. Chang appears to recognize as much, having made no argument to the contrary in his Opposition. See Opposition at 10-11.
 
                                                            -5-
 
Mexico. See Complaint ¶¶ 5-6, 12.  While the Complaint alleges that Defendants (not Gray Line) made the representations about the shuttle service’s safety measures, there are no allegations suggesting that Defendants knew or should have known prior to Mr. Chang’s purchase that Gray Line was not adhering to the safety measures in the advertisement. Cf. Zherebnenkova v. McAfferly, 2014 WL 12626773 at *1 (Cal. Super. Aug. 21, 2014) (where plaintiffs alleged “that Defendant knew or should have known that the vehicle had been damaged and repaired prior to selling the vehicle to plaintiffs because a routine inspection would have disclosed the damage,” they stated a claim for false advertising). Therefore, I must dismiss Count I.
            Count II alleges that Defendants violated the Consumer Legal Remedies Act (“CLRA”), California Civil Code § 1750, et seq., § 1770(a)(9).[5] Section 1770(a) sets forth twenty-seven practices that constitute “unfair methods of competition and unfair or deceptive acts or practices.” Section 1770(a)(9) makes it unlawful to “[a]dvertis[e] goods or services with intent not to sell them as advertised.” Cal. Civ. Code § 1770(a)(9). Defendants contend, correctly so, that Mr. Chang has not alleged any facts suggesting that either Defendant advertised the shuttle service “with intent not to sell [it] as advertised.” Mr. Chang appears to concede as much, making no argument in his Opposition that he has alleged that Defendants acted with the requisite intent. Rather, he focuses his Opposition on a different unlawful practice under Section 1770(a).
 
-------------------------------------
 
[5] Count II also alleges that Defendants violated Section 1770(a)(13).  This section makes it unlawful to “mak[e] false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions.” Cal. Civ. Code § 1770(a)(13). Section 13 appears to have been mistakenly cited, as there are no factual allegations regarding how Defendants violated Section 1770(a)(13) and the circumstances of this case do not suggest a violation of that nature could have occurred.
 
                                                            -6-
 
            Mr. Chang asserts that he “intend[ed] the legal cause of action (Count II) in the Complaint to include, at least, [Section 1770(a)(7)].” Plaintiff’s Opposition at 11. This section makes it unlawful to “[r]epresent[] that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.” Cal. Civ. Code § 1770(a)(7). Unlike Section 1770(a)(9), this section contains no requirement that Defendants act with intent.
            There is, however, no indication in the Complaint that Count II includes a claim for a violation of Section 1770(a)(7). Indeed, in the paragraphs under Count II, the Complaint mentions only that “Defendants violated section 1770 subd. (a), subs. (9), by ‘Advertising goods or services with intent not to sell them as advertised.’”  Complaint ¶ 34.  Under the Massachusetts Rules of Civil Procedure, a complaint must set forth a short and plain statement of the claims in order to give the defendant fair notice of the claims against it. See Mass. R. Civ. P. 8; Reporter’s Notes to Mass. R. Civ. P. 8 (“the primary function of pleadings is not to formulate the precise issues for trial but rather to give fair notice of the claims and defenses of the parties”). Because Mr. Chang has not provided the Defendants with fair notice that he was also claiming a violation of Section 1770(a)(7), I cannot read such a claim into the Complaint.[6]
            Because there are no allegations suggesting that Defendants advertised the shuttle service with intent not to sell it as advertised, I will dismiss Count II. If Mr. Chang seeks to assert a claim under Cal. Civ. Code § 1770(a)(7), he may move to amend his Complaint.
            Mr. Chang acknowledges that his “third cause of action for Unfair Competition (California Business & Professions Code § 17200 et seq.) is a derivative claim relying on his
 
-------------------------------------
 
[6] To the extent Mr. Chang argues that the inclusion of “et seq.” in the title of Count II means his claim can include Section 1770(a)(7), I do not agree. If I were to accept Mr. Chang’s reasoning, his claim could include any of the twenty-seven different practices listed in Section 1770(a) despite providing Defendants with no indication of which practice they were accused of committing.
 
                                                            -7-
 
false advertisement causes of action.” Plaintiff’s Opposition at 12. See Kasky v. Nike, Inc., 27 Cal. 4th 939, 950 (2002). Because he has not stated a claim for false advertising under either Count I or Count II, Count III necessarily fails.
Conclusion and Order
            For the reasons set forth above, Defendants’ Motion to Dismiss is ALLOWED. Mr. Chang is granted leave to move to amend, within thirty days of this order, to assert a claim under Cal. Civ. Code § 1770(a)(7). If he does so, Defendants are free to oppose amendment on any grounds.
            Because I have granted leave to move to amend, entry of final judgment in favor of Defendants is STAYED for 30 days. If Mr. Chang serves a motion to amend, he should also file with the Clerk a Notice of Motion to Amend, so that final judgment will not be entered until any such motion is resolved. See, by analogy, Superior Court Rule 9E.
 
@/s/Paul D. Wilson Justice of the Superior Court
 
@November 19, 2021
 
                                                            -8-
 
xxz